# UNITED STATES DISTRICT COURT

for the

Western District of Washington

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
G-mail account: nbrasfield@gmail.com, more fully described in Attachment A

Case No. MJ20-106

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
G-mail account: nbrasfield@gmail.com, more fully described in Attachment A

located in the Western District of Washington, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. 922(g)(1), 545, 371; 26 U.S.C. 5861(d) | Felon in Possession; Illegal Importation; Conspiracy; Possession of Unregistered Firearm |

The application is based on these facts:

✓ See Affidavit of Special Agent Shawn Galetti continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ___ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☐ by reliable electronic means; or: ☐ telephonically recorded.

[signature]
*Applicant's signature*

Shawn Galetti, HSI Special Agent
*Printed name and title*

◉ The foregoing affidavit was sworn to before me and signed in my presence, or
○ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date: February 28, 2020

[signature]
*Judge's signature*

City and state: Seattle, Washington

Puala L. McCandlis, United States Magistrate Judge
*Printed name and title*

USAO# 2020R00111

**AFFIDAVIT OF SHAWN GALETTI**

STATE OF WASHINGTON )
) ss
COUNTY OF KING )

I, Shawn Galetti, having been duly sworn, state as follows:

**AFFIANT BACKGROUND**

1. I am a Special Agent with the U.S. Department of Homeland Security (DHS), Homeland Security Investigations (HSI), assigned to the Office of the Special Agent in Charge (SAC), Seattle, Washington. I have been employed as a Special Agent with HSI since 2007. I am currently assigned to the Counter-Proliferation Investigations (CPI) Group, where I investigate cases involving the illegal import and export of weapons and other items from the United States. I have received formal training at the Federal Law Enforcement Training Center in Glynco, Georgia. Based on my training and experience, I am familiar with the area of criminal law, firearms law, firearms training, rules of evidence and interview techniques. Through my years in law enforcement, I have gained knowledge and experience in conducting physical surveillance, interviewing witnesses, victims and suspects, writing affidavits for executing search and arrest warrants. I am also familiar with the manner in which individuals illegally acquire and import export-controlled merchandise from the United States to foreign countries and into the United States from foreign countries.

2. I make this affidavit in support of an application for a search warrant, pursuant to Title 18, United States Code, Section 2703, for a warrant to search the stored electronic communications contained in the following email account:

**nbrasfield@gmail.com**

as well as all other subscriber and log records associated with this account, which is described in Attachment A, which is incorporated herein by reference. The email account is controlled by Google, Inc. This application seeks a warrant to search the

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

account in order to seize the items listed in Attachment B, which is attached to this affidavit and incorporated herein by reference, for evidence, fruits, and instrumentalities of violations of the crimes that are described below.

3. The facts set forth in this Affidavit are based on my own personal knowledge; information obtained from other individuals during my participation in this investigation, including other law enforcement officers; interviews of cooperating witnesses; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience.

4. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth each and every fact that I, or others, have learned during the course of this investigation.

## RELEVANT LAW

5. Title 18, United States Code, Section 922(g)(1) prohibits a felon from possessing a firearm or ammunition that traveled in interstate commerce. Under Title 18, United States Code, Section 921(a)(3)(C), the term "firearm" includes "any firearm muffler or silencer." Under Title 18, United States Code, Section 921(a)(24), the "terms "firearm silencer" and "firearm muffler" mean "any device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer or firearm muffler, and any part intended only for use in such assembly or fabrication."

6. Title 26, United States Code, Section 5861(d), prohibits a person to receive or possess a firearm not registered to the person in the National Firearms Registration and Transfer Record. A silencer, as defined above, is a type of firearm under this provision.[1]

7. Title 18, United States Code, Section 545, prohibits fraudulently or knowingly importing or bringing into the United States, any merchandise contrary to law.

---

[1] This affidavit uses the term "silencer" to refer both to the Title 18 and Title 26 provisions cited under this section.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8. Title 18, United States Code, Section 371 prohibits two or more persons from conspiring to violate federal law, and taking an overt act in furtherance of the conspiracy.

## SUMMARY OF PROBABLE CAUSE

### A. Nathan Brasfield's Background

9. I have reviewed the criminal history for Nathan Brasfield. He has eight felony convictions: felon in possession of a firearm (2015); possession of stolen property (2011); possession of stolen property (2011); theft of telecommunication services (2003); possession of stolen property (2003); taking motor vehicle without permission (2000); taking motor vehicle without permission (2000); and possession of stolen property (1999). The felon in possession of a firearm conviction occurred in the United States District Court for the Western District of Washington. The remaining convictions occurred in the State of Washington. Brasfield was sentenced in excess of a year on his federal conviction as well as the Washington State convictions that are included in the charging language above.

### B. The Seizure of Silencers From China

10. On January 16, 2020, a Customs and Border Protection officer conducted a border inspection of two packages that were addressed to Nathan Brasfield at his residence. The packages had been shipped from China. Both package labels described each package as containing "aluminum tube." The shipper was listed as "Zhangruiyue." Since November 2019, CBP officers have inspected over 60 packages from this shipper from the same or similar Chinese addresses. These packages all contained silencers, or items suspected of being silencers. The packages contained shipping labels that falsely described the items as containing items such as "aluminum tubes".

11. The first package was a box addressed to Brasfield containing four identical black tubes that comprised of a single baffle with one end threaded and the other end-caps with a center mark indicated. The second package contained one identical item as above. Pictures of the two packages are shown below:

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



CHINA POST

US 2P

LN 156 010 046 CN

SHIP TO: NATHAN BRASFIELD
22727 84TH AVE W
EDMONDS WASHINGTON 98026-8277
UNITED STATES

PHONE:+12063517143

Fees(US $):

Certificate No.

| No | Qty | Description of Contents | Kg. | Val(US$) | Goods Origin |
|---|---|---|---|---|---|
| 1 | 1 | Aluminum tube(OS100078-8K 2) | 0.2 | 2.0 | CN |
| | 1 | Total Gross Weight (kg.): | 0.2 | 2.0 | |

Sender's Signature & Date Signed:

CN22

04

CHINA POST

IMPORTANT:
The item/parcel may be opened officially
Please print in English

US 2P

LN 156 010 275 CN

FROM: Zhangruiyue

Wenzhou, Zhejiang sheng 325200
China

PHONE: 17767706778

SHIP TO: NATHAN BRASFIELD
22727 84TH AVE W
EDMONDS WASHINGTON 98026-8277
UNITED STATES

Fees(US $):

Certificate No.

PHONE:+12063517143

| No | Qty | Description of Contents | Kg. | Val(US$) | Goods Origin |
|---|---|---|---|---|---|
| 1 | 4 | Aluminum tube(OS100078-8K 1) | 0.8 | 8.0 | CN |
| | 4 | Total Gross Weight (kg.): | 0.8 | 8.0 | |

I certify the particulars given in this customs declaration are correct. This item does not contain any dangerous article, or articles prohibited by legislation or by postal or customs regulations. I have met all applicable export filing requirements under the Foreign Trade Regulations.

Sender's Signature & Date Signed:

CN22

04

AFFIDAVIT OF SHAWN GALETTI - 4
USAO# 2020R00111

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12. The devices are depicted in the following:

1/2-28
BLACK
1/2-28
BLACK

AFFIDAVIT OF SHAWN GALETTI - 5
USAO# 2020R00111

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

13. I have examined the devices with Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent Nate Merritt. Special Agent Merritt has received specialized training on firearms, which includes training on silencers. We also reviewed a report published by the ATF Firearms Technology Criminal Branch that examined a device that was sent by the same shipper.[2] The report describes the device as follows:

> **Exhibit 3 is a monocore baffle firearm silencer that is identical in design and construction to Exhibit 1 with the exception of the rear threads, which are 1/2X28 (see attached photos). As received, the Exhibit is assembled with a solid front end-cap that is center-marked in the same fashion as Exhibit 1. As such, Exhibit 3 is a combination of parts designed and intended for use in assembling a firearm silencer or firearm muffler and, therefore, is a "firearm silencer" as defined.**
>
> **Further, the *additional* front end-cap included with the Exhibit is hereafter referred to as Exhibit 3a. This end-cap is open in the center to allow a bullet to pass through in the same manner as the front end-cap in Exhibit 1. Therefore, the Exhibit 3a front end-cap, <u>in and of itself,</u> being a part intended only for use in assembling a firearm silencer, is a "firearm silencer" as defined.**

14. The report concludes that the device is a silencer, both under Titles 18 and 26.

15. Special Agent Merritt and I have examined the devices that were intended for Brasfield, and compared them to the device that is described in the report. The devices are identical in all material respects, *i.e.*, it has the same components and characteristics that are highlighted above in the report.[3] Thus, based on my training and experience, along with the training and experience of Special Agent Merritt, I believe that the device is a silencer. Special Agent Merritt shares this belief, which is grounded in part on his training and experience, including his knowledge gained in multiple investigations he has conducted into Chinese silencers entering the United States.

---

[2] Examiners with the Firearms Technology Criminal Branch receive training and have experience as to what constitutes a "silencer" under federal law.

[3] The internal box of the item in the report contains a slightly different label compared to the items that were seized. In particular, the items that were seized contained labels that stated: "1/2 – 28 Black." The item in the report contained the same number, "1/2 – 28" with multiple Chinese characters, including a separate line of Chinese characters followed by "2#." The report also includes a picture of a bar code and accompanying sets of numbers that do not appear in the boxes that were seized.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**C. The Search of Brasfield's Residence**

16. On February 6, 2020, I executed a search warrant at Nathan Brasfield's residence. At the time of the search, Brasfield was on federal supervision for his felon in possession conviction.

17. During the search, agents recovered approximately seventeen pistols and twenty-four rifles from the residence. Most of the firearms recovered did not have serial numbers and were home-manufactured.

18. In addition, officers recovered approximately twenty eighty-percent pistol and rifle lower receivers/frames. These eighty-percent lower receivers/frames require additional machining and milling, in order to be classified as firearms under federal law. The non-serialized firearms that were recovered appear to have been manufactured from the same type of eighty-percent lower receivers/frames that were recovered during the search.

19. Agents also recovered firearm manufacturing equipment. Brasfield was in possession of a Computer Numerical Control machine that is known to gun manufacturers as a "Ghost Gunner." This machine is specifically used for the home manufacturing of firearms. Brasfield also was in possession of a 3-D printer and a drill press, which also are used in the manufacturing of firearms.

20. Brasfield's roommate, who is not a prohibited person, claimed that the serialized firearms (approximately eight) belong to him. He told agents that all of the non-serialized firearms belonged to Brasfield. Pictures of four of the non-serialized firearms are below:



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970





AFFIDAVIT OF SHAWN GALETTI - 8
USAO# 2020R00111

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

21. Agents also recovered what appear to be an additional ten silencers from the residence and Brasfield's vehicle, a 2008 silver Porsche Cayenne. A picture of one of the silencers is below:

22. Eight of the silencers were recovered from the vehicle, which was parked in the driveway of the residence. Agents also recovered packaging addressed to Brasfield that was used to ship some of silencers. In addition, agents also recovered a loaded, non-serialized pistol, from Brasfield's vehicle. The pistol recovered from the vehicle has a threaded barrel, which is designed to fit one of the silencers recovered from the vehicle.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The pistol was loaded with fifteen rounds of ammunition stamped with "G.F.L, 9mm Luger"; this stamping indicates Fiocchi Munizioni is the manufacturer.

23. In addition to the ammunition recovered from Brasfield's vehicle, agents also recovered thousands of rounds, approximately 300 lbs. of ammunition. Some of the ammunition was recovered in a safe, but a large amount was recovered outside the safe. Brasfield's roommate stated that the ammunition in the safe was either his or Brasfield's, as they shared the safe. The roommate said that any remaining ammunition belonged to Brasfield.

24. Agents also recovered invoices and boxes from firearms dealers that were addressed to Brasfield.

25. An ATF interstate nexus expert has examined the Fiocchi Munizioni ammunition mentioned above, and confirmed that it was manufactured outside the State of Washington. In addition, Special Agent Nathaniel Merritt, another ATF agent, has advised me that based on his training and experience, the vast majority, if not all, of the ammunition recovered from the residence likely was manufactured outside the State of Washington. In addition, much of this ammunition was in boxes. The boxes indicate that the manufacturer was outside the State of Washington, given the address of the ammunition company listed.

26. During the search, officers noticed a computer that was powered on that was found in the garage of the residence. The computer displayed a web page regarding the purchase of silencers. In addition, I know, based on my experience with silencer investigations where the silencers were ordered from China, that the silencers are made available online.

**C. The SUBJECT EMAIL ACCOUNT**

27. Several documents from different firearms companies were also seized from Brasfield's residence that were addressed to Brasfield and that listed his email, *i.e.*, the SUBJECT EMAIL ACCOUNT. One specific receipt was a packaging slip from "Arm or Ally" and it was addressed to Brasfield at his residence. The receipt was for three

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Polymer 80 pistol frame kits and one Toolcraft 9mm Bolt Carrier Group. The receipt indicated that it was ordered on November 9, 2019, and had shipped on November 12, 2019. Another receipt was from "AR500 Armor," which was for level III body armor. The order was placed on November 28, 2019 and was paid via PayPal with the user email listed as the SUBJECT EMAIL ACCOUNT. Brasfield's residence was listed as the recipient address. Finally, another invoice located was addressed to Brasfield at his residence again listing the SUBJECT EMAIL ACCOUNT. This order was for eight AR15 80% lower receivers. The receipt indicated that the items were packaged on February 8, 2019.

28. I know, based on my training and experience, that when an email address is listed on a receipt from a retailer selling firearms parts and equipment, such as the receipts described above, it is highly likely that a sale confirmation email was sent to the email address listed on the receipt. In addition, it often is the case that a shipping confirmation will be sent as well. I also know that individuals often keep their emails, particularly emails relating to orders and shipping, for extended periods of time, often years.

**NATURE OF DOCUMENTS SOUGHT**

29. In my training and experience, I have learned that Google, Inc. provides a variety of on-line services, including email access, to the general public. Google, Inc. allows subscribers to obtain email accounts at Google, like the email account listed in Attachment A. Subscribers obtain an account by registering with Google, Inc.

30. During the registration process, Google, Inc. asks subscribers to provide basic personal information. Therefore, the computers of Google, Inc. are likely to contain stored electronic communications (including retrieved and unretrieved email for Google, Inc. subscribers) and information concerning subscribers and their use of Google, Inc. services, such as account access information, email transaction information, and account application information. In my training and experience, such information

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

31. In general, an email that is sent to a Google, Inc. subscriber is stored in the subscriber's "mail box" on Google, Inc. servers until the subscriber deletes the email. If the subscriber does not delete the message, the message can remain on Google, Inc.'s servers indefinitely. Even if the subscriber deletes the email, it may continue to be available on Google, Inc.'s servers for a certain period of time.

32. When the subscriber sends an email, it is initiated at the user's computer, transferred via the Internet to Google, Inc.'s servers, and then transmitted to its end destination. Google, Inc. often saves a copy of the email sent. Unless the sender of the email specifically deletes the email from the Google, Inc. server, the email can remain on the system indefinitely. Even if the sender deletes the email, it may continue to be available on Google, Inc.'s servers for a certain period of time.

33. A sent or received email typically includes the content of the message, source and destination addresses, the date and time at which the email was sent, and the size and length of the email. If an email user writes a draft message but does not send it, that message may also be saved by Google, Inc. but may not include all of these categories of data.

34. A Google, Inc. subscriber can also store files, including emails, address books, contact or buddy lists, calendar data, photographs, and other files, on servers maintained and/or owned by Google, Inc. In my training and experience, evidence of who was using an email account may be found in address books, contact or buddy lists, email in the account, attachments to emails, including photographs and files, and photographs and files stored in relation to the account.

35. Subscribers to Google, Inc. might not store on their home computers copies of the emails stored in their Google, Inc. account. This is particularly true when they access their Google, Inc. account through the web, or if they do not wish to maintain particular emails or files in their residence.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

36. In general, email providers like Google, Inc. ask each of their subscribers to provide certain personal identifying information when registering for an email account. This information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

37. Email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via Google, Inc.'s website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

38. In some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED**

39. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Google, Inc. to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

**CONCLUSION**

40. Based on the forgoing, I request that the Court issue the proposed search warrant. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that - has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(I). Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. Accordingly, by this Affidavit and Warrant I seek authority for the government to search all of the items specified in Section I, Attachment B (attached hereto and incorporated by reference herein) to the Warrant, and specifically to seize all of the data, documents and records that are identified in Section II to the same Attachment.

SHAWN GALETTI, Affiant
Special Agent, HSI

The above-named agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit on this 28th day of February, 2020.

PAULA L. McCANDLIS
United States Magistrate Judge

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT A
## Accounts to be Searched

The electronically stored information and communications contained in, related to, and associated with, including all preserved data associated with the following account:

**nbrasfield@gmail.com**

as well as all other subscriber and log records associated with the account, which is located at premises owned, maintained, controlled or operated by Google, an email provider headquartered at Mountain View, California.

ATTACHMENT A - 1
ACCOUNT TO BE SEARCHED
USAO# 2020R00111

**ATTACHMENT B**
**(ITEMS TO BE SEARCHED FOR AND SEIZED)**

**I. Section I - Items to be to be Provided by Google for search:**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a. The contents of all e-mails associated with the accounts, including stored or preserved copies of e-mails sent to and from the accounts, draft e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;

b. All records or other information regarding the identification of the accounts, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the accounts were created, the length of service, the IP address used to register the accounts, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

c. The types of service utilized;

d. All records or other information stored at any time by an individual using the accounts, including address books, contact and buddy lists, calendar data, pictures, and files;

e. All records pertaining to communications between the Provider and any person regarding the accounts, including contacts with support services and records of actions taken.

**II. Section II - Items to be Seized**

All information described above in Section I that constitutes fruits or evidence of violations of Title 18, United States Code, Section 922(g)(1), Title 26, United States Code, Section 5861(d), Title, United States Code, Section 545, and Title 18, United States Code, Section 371, information pertaining to the following matters:

1. All documents relating to the acquisition of firearms, silencers, firearms parts, and firearms accessories.

2. All documents relating to the purchases of items that will be shipped directly from China.

3. All subscriber records associated with the specified accounts, including name, address, local and long distance telephone connection records, or records of session times and durations, length of service (including start date) and types of service utilized, telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address, and means and source of payment for such service) including any credit card or bank account number;

4. any and all other log records, including IP address captures, associated with the specified accounts;

5. any records of communications between Google, and any person about issues relating to the accounts, such as technical problems, billing inquiries, or complaints from other users about the specified account. This to include records of contacts between the subscriber and the provider's support services, as well as records of any actions taken by the provider or subscriber as a result of the communications.